UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDIKARIM KARRANI,<br><br>Plaintiff,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION, a Delaware Corporation,<br><br>Defendant. | Case No. C18-01510-RSM<br><br>ORDER DENYING DEFENDANT'S MOTION TO COMPEL |

This matter comes before the Court on Defendant JetBlue Airways Corporation ("JetBlue")'s Fed. R. Civ. P. 37(a) motion to compel responses to Interrogatory No. 6 and Request for Production No. 11. Dkt. #16. Plaintiff Abdikarim Karrani brought this suit pursuant to 42 U.S.C. § 1981, challenging JetBlue's removal of Mr. Karrani from a flight traveling from New York to Seattle. Mr. Karrani requests, among other relief, "nonmedical damages for emotional harm, including, but not limited to, loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, injury to reputation, fear, and humiliation." Dkt. #1 at 7. For the reasons set forth below, Defendant's motion is DENIED.

ORDER DENYING DEFENDANT'S MOTION TO COMPEL - 1

## I. BACKGROUND

JetBlue deposed Mr. Karrani on February 28, 2019 seeking information about the emotional harm damages. Specifically, JetBlue sought information related to whether Mr. Karrani went to a doctor or therapist to talk about the incident that gave rise to this lawsuit. Plaintiff responded: "I did not go to a particular doctor, but I did go to my regular doctor." Dkt. #17-1 at 3. Before Mr. Karrani continued, his counsel objected on the basis that Mr. Karrani only seeks "garden variety emotional harm damages" and did not intend to present medical testimony or medical evidence but would instead "maintain the physician-patient privilege." Dkt. #17-1 ("Karrani Dep.") at 51:6-13.

On March 22, 2019, JetBlue served Defendant's Second Interrogatories and Requests for Production on Mr. Karrani, seeking the following documents related to Plaintiff's emotional harm damages:

> INTERROGATORY NO. 6: Please identify all health care providers, including without limitation all physicians, psychiatrists, psychologists, and mental health professionals with whom you consulted or from whom you received treatment in the 5 years prior to the Incident and give the dates and reasons for such treatment and indicate with an asterisk (*) all providers who treated for any injuries or conditions you claim were sustained as a result of the Incident.
>
> REQUEST FOR PRODUCTION NO. 11: Produce all medical reports, healthcare records, summaries, and healthcare bills relating to care provided to you (including from mental health providers) since January l, 2013. Alternatively, you may sign the attached release to allow JetBlue to obtain your medical or healthcare records and bills.

Def.'s Mot. to Compel, Dkt. #16 at 2-3. In response to Interrogatory No. 6, Plaintiff agrees to disclose the occurrence and dates of any psychotherapy, including those occurring before the incident. Dkt. #25 at 3. Plaintiff objects to the remainder of these discovery requests. Counsel

conferred on March 27, 2019 in an effort to resolve the disputes. Dkt. #16 at 3. The instant motion followed.

## II. DISCUSSION

### A. Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* "District courts have broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

Because JetBlue has requested *all* of Mr. Karrani's medical records since January 1, 2013, there are two types of records at issue: "pure" medical records, and psychological/psychiatric records. Any medical records involving physical conditions tied to emotional distress or mental health are considered psychological or psychiatric records for the purposes of this motion. *See Equal Employment Opportunity Comm'n v. Big Five Corp.*, No. C17-1098RSM, 2018 WL 2317613, at *3 (W.D. Wash. May 22, 2018). All the remaining records are considered "pure" medical records. *Id.* With respect to "pure" medical records, Mr. Karrani has not requested any

damages for bodily injury. *See* Dkt. #1. For that reason, "pure" medical records are irrelevant and not subject to discovery. This leaves the remaining issue of Mr. Karrani's psychological/psychiatric records.

**B. Physician-Patient and Psychotherapist-Patient Privilege**

JetBlue contends that Mr. Karrani has put his mental condition at issue in this lawsuit by claiming damages for emotional distress. Dkt. #16 at 4-7. Mr. Karrani opposes the motion to compel by asserting he has alleged mere "garden variety" emotional distress, which does not waive the physician-patient privilege. Dkt. #24 at 7-11. He is not seeking compensatory damages for medical treatment or care, will not use medical testimony or records at trial, and does not rely on healthcare records to support his claims. Dkt. #24 at 11; Dkt. #25, Sheridan Decl. at 1-3. *See generally* Dkt. #1.

Privileged communications are not subject to discovery. Fed. R. Civ. P. 26(b)(1). Confidential communications made to a licensed psychiatrist, psychologist, or social worker during the course of treatment are afforded privilege protection under Fed. R. Evid. 501. *Jaffee v. Redmond,* 518 U.S. 1, 15 (1996). For purposes of this motion, Mr. Karrani's communications with his primary care physician regarding his emotional state are considered mental health records protected by the physician-patient privilege. *See Equal Employment Opportunity Comm'n.*, No. C17-1098RSM, 2018 WL 2317613, at *3 (W.D. Wash. May 22, 2018) (considering medical records involving physical conditions tied to emotional distress/mental health as psychological/psychiatric records); *see also Oleszko v. State Comp. Ins. Fund*, 243 F.3d 1154, 1158 (9th Cir. 2001) (extending the psychotherapist-patient privilege to communications with unlicensed counselors).

When a plaintiff seeks certain emotional distress damages, the psychotherapist-patient privilege may be waived. *See Santelli v. Electro–Motive,* 188 F.R.D. 306, 308 (N.D.Ill.1999). This is because "[f]or each item of damages, whether economic or non-economic, the plaintiff must show that the damage was proximately caused by the defendant's unlawful conduct." *Doe v. City of Chula Vista,* 196 F.R.D. 562, 568 (S.D.Cal.1999). If there is evidence to show that a plaintiff's emotional distress may have been caused by something besides the injury, fairness dictates that the defendant should be permitted access to that evidence. *See id.*

Without Ninth Circuit consensus on waiver of psychotherapist-patient privilege, district courts have adopted different approaches on how to determine whether the patient has waived the privilege. *Carrig v. Kellogg USA Inc.,* Case No. 12–837–RSM, 2013 WL 392715, at * 2 (W.D. Wash. Jan. 30, 2013) (collecting cases and describing alternative approaches). This Court has previously applied a "middle ground" approach to waiver, finding that a plaintiff waives the privilege by asserting more than "garden-variety" emotional distress. *See id.* at * 3. *See also Ginter v. BNSF Ry. Co.*, No. C13-00224-RSM, 2014 WL 294499, at *3 (W.D. Wash. Jan. 24, 2014).

Courts adopting the middle ground approach to waiver define "garden variety" emotional distress as "ordinary or commonplace," meaning that which is "simple or usual." *Fitzgerald v. Cassil*, 216 F.R.D. 632, 637 (N.D. Cal. 2003) (citing *Ruhlmann v. Ulster County Dep't of Soc. Servs.,* 194 F.R.D. 445, 449 n. 6 (N.D.N.Y. 2000)). A plaintiff waives the privilege by alleging more complex distress, including "any specific psychiatric injury or disorder, or unusually severe distress." *Jackson v. Chubb Corp.,* 193 F.R.D. 216 (D.N.J. 2000). The *Jackson* court grounded its logic in Federal Rule of Civil Procedure 35(a), which allows court orders for physical or mental

examinations when a party's physical or mental condition is "in controversy."  Fed. R. Civ. P. 35(a).

Here, Mr. Karrani only alleges "garden variety" emotional distress.  He seeks non-medical emotional harm damages related to stress, loss of enjoyment of life, humiliation, embarrassment, fear, anxiety, and anguish/grief as a result of Defendant's conduct.  Dkt. #25, Sheridan Decl. at 2-3.  Mr. Karrani's prayer for relief also asks for non-medical damages related to pain and suffering, mental anguish, and injury to reputation. Dkt. #1 at 7.  These terms are not medical diagnoses, but merely lay observations of the emotions that Mr. Karrani claims he experienced as a result of Defendant's alleged actions.  *See Rollins v. Traylor Bros.*, No. C14-1414-JCC, 2017 WL 1756576, at *6 (W.D. Wash. May 5, 2017).  Mr. Karrani has not pleaded damages for bodily injury nor intentional or negligent infliction of emotional distress.  *See generally* Dkt. #1. Although Mr. Karrani alleged during his deposition that Defendant's conduct exacerbated a heart condition and affected his ability to work, Karrani Dep. 55:1-13, he will not seek to use medical testimony or records at trial, will not seek medical expenses as damages, and specifically will not seek to prove or claim that Defendant proximately caused his heart condition or loss of ability to work. Dkt. #24 at 11; Dkt. #25, Sheridan Decl. at 1-3.  Consequently, for his general emotional distress claims, Mr. Karrani's communications with his primary care doctor are not relevant.

The Court acknowledges that in certain cases, "anxiety" constitutes a psychological condition more severe than "garden-variety" emotional distress.  *See Ginter*, 2014 WL 294499, at *3 (W.D. Wash. Jan. 24, 2014) (citing *Santelli*, 188 F.R.D. at 309).  In such instances, plaintiffs allege anxiety in a manner that suggests a clinical condition of anxiety.  *See United States v. Barber*, No. C13-5539 BHS, 2014 WL 2515171, at *1 (W.D. Wash. June 4, 2014) ("[T]he complaint clearly alleges *increased* panic attacks, anxiety, nightmares . . . .") (emphasis in

ORDER DENYING DEFENDANT'S MOTION TO COMPEL - 6

original). Here, Mr. Karrani alleges anxiety in a generalized way, relying on the dictionary definition of the term: "fear or nervousness about what might happen." Dkt. #25-1 at 2. *See Rollins v. Traylor Bros.*, No. C14-1414-JCC, 2017 WL 1756576, at *6 n. 3 (W.D. Wash. May 5, 2017). This claim of "anxiety" is a lay observation of Mr. Karrani's emotions and therefore "garden variety" emotional distress.

Accordingly, Mr. Karrani has only alleged "garden variety" emotional distress and has not waived privilege as to communications with his doctor about his mental health. The Court therefore DENIES JetBlue's motion to compel.

## III. CONCLUSION

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, Defendant JetBlue's Motion to Compel (Dkt. #16) is DENIED.

DATED this 28 day of May 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING DEFENDANT'S MOTION TO COMPEL - 7