UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDIKARIM KARRANI,<br><br>Plaintiff,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION, a Delaware Corporation,<br><br>Defendant. | Case No. C18-1510 RSM<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL |

This matter comes before the Court on Plaintiff Abdikarim Karrani's Fed. R. Civ. P. 37(a) motion to compel various discovery requests. Dkt. #19. For the reasons set forth below, Plaintiff's Motion is GRANTED in part and DENIED in part.

## I. BACKGROUND

Mr. Karrani is an 81-year-old U.S. citizen born in Somalia, now residing in Tukwila, Washington. Mr. Karrani filed this suit pursuant to 42 U.S.C. § 1981, challenging JetBlue's removal of Mr. Karrani from a flight traveling from New York to Seattle on January 20, 2018 ("Flight 263"). A medical emergency during the flight required the plane to divert to Logan Airport in Billings, Montana instead of landing at its Seattle destination. Before the emergency landing in Billings, an interaction occurred between JetBlue flight attendant Cindy Pancerman

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL - 1

and Mr. Karrani following Mr. Karrani's attempt to use the front lavatory and finding it occupied by another passenger. The facts of this interaction between Ms. Pancerman and Mr. Karrani are disputed by both parties.

Mr. Karrani claims that after Ms. Pancerman asked him to use the rear lavatory, he replied that he would wait for the front restroom to open up. Dkt. #1, ¶2.13. He alleges that Ms. Pancerman then physically pushed him towards the back, which startled Mr. Karrani as he attempted to brush her hand off him. Dkt. #1, ¶2.14. JetBlue, in contrast, claims that when Ms. Pancerman attempted to guide Mr. Karrani to the rear lavatory, he struck her. Dkt. #23-1, Ex. B ("Pancerman Dep.") at 17:23-20:25. JetBlue claims that due to Mr. Karrani's refusal to comply with a crew member's instruction and his physical contact with her, the Captain decided to remove Mr. Karrani from the flight. Dkt. #22 at 2.

When the plane landed in Billings, airport police boarded the plane and asked Mr. Karrani to leave the flight. Mr. Karrani agreed, and the police escorted him off the plane. The remaining passengers were transported to Seattle. Mr. Karrani paid for a hotel room to stay overnight in Billings and purchased a new flight on Delta from Billings to Seattle the next day. He claims that he contacted JetBlue seeking a refund for the Delta flight, but JetBlue did not respond to his request. On October 15, 2018, Mr. Karrani filed this lawsuit.

On February 6, 2019, Mr. Karrani served Plaintiff's First Set of Interrogatories and Requests for Production on JetBlue. JetBlue served its response on March 15, 2019, with objections to several of Plaintiff's interrogatories and requests for production. After Counsel conferred on March 27, 2019 in an effort to resolve the disputes, Plaintiff filed this First Motion to Compel on March 29, 2019. Dkt. #19 at 6.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL - 2

On May 9, 2019, while Plaintiff's first Motion was pending, Plaintiff filed a Second Motion to Compel discovery related to complaints and prior incidents regarding Ms. Pancerman. Dkt. #35. Plaintiff's Second Motion was filed after the close of discovery on April 29, 2019 and is currently under review by the Court. Consequently, this Order addresses the discovery disputes raised in Plaintiff's First Motion to Compel, with the exception of complaints and prior incidents regarding Ms. Pancerman. *See* Dkt. #19 at 11.

## II. DISCUSSION

### A. Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* "District courts have broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

### B. Witness Disclosures

Plaintiff requests information on potential witnesses on the plane flight. Interrogatory No. 1 asks JetBlue to:

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL - 3

> Identify every person who has any knowledge or information pertaining to the facts and occurrences that are the subject of this lawsuit, the claims and defenses in the case, or with regard to the matters asserted in Plaintiffs' Complaint or Defendant's Answer thereto.

For each person identified, Plaintiff requests their name, address, most recent contact information and email. For any JetBlue employees, Plaintiff requests their job title(s) in 2018. Additionally, Interrogatory No. 8 asks JetBlue to "identify every passenger" on the subject flight, including their full name, present address and phone numbers. Request for Production No. 14 seeks all documents related to this interrogatory.

With respect to JetBlue employees, Plaintiff already deposed the five crew members on the flight as well as the Airport Operations Manager at the Seattle-Tacoma ("Sea-Tac") airport. Dkt. #22 at 4. This leaves the remaining issue of the plane's passengers.

Plaintiff seeks discovery of the names and contact information for all passengers on board Flight 263, on the basis that they potentially witnessed the incident between Mr. Karrani and Ms. Pancerman. Dkt. #19 at 13. JetBlue has provided to Mr. Karrani the available contact information for passengers seated in the first three rows and all passengers named in the Incident Reports related to the flight. Dkt. #22 at 5. Mr. Karrani contends that because flight attendant Mary Ann Salvador, standing in Row 25, claimed she could see the events from the back of the plane, then all passengers on the plane potentially could have witnessed the incident. Dkt. #19 at 13.

Federal law prohibits airline carriers from releasing passenger contact information. *See* 14 C.F.R. §§ 243.7(a), 243.9. For that reason, a party seeking to compel disclosure must sufficiently justify to the court its reasons to override this important privacy policy. *See Raub v. US Airways, Inc.*, No. CV 16-1975, 2017 WL 2633430, at *2 (E.D. Pa. June 19, 2017). With respect to witness disclosure for incidents on airplanes, courts have held that release of passenger information is not warranted when, after identifying those passengers in the best position to

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL - 4

witness the incident, any remaining passengers would have little or no information to add to their testimonies. *See id*.

Here, Plaintiff has failed to show that disclosure of the full passenger manifest—the names and contact information of all passengers on Flight 263—is proportional to the needs of this case. *See* Fed. R. Civ. P 26(b)(1). JetBlue produced the available contact information for all passengers seated in Rows 1 through 3, the rows closest to the front lavatory, as well as those passengers mentioned in the Incident Reports related to the flight in Seats 4A, 5C, and 17B. Dkt. #20-1 at 50. Of the disclosed passengers, three submitted statements to law enforcement or JetBlue regarding the incident between Ms. Pancerman and Mr. Karrani. Dkt. #22 at 5. Plaintiff has not made a sufficient showing of need for the remaining passengers' contact information to justify the Court compelling production of the full passenger manifest. For that reason, Plaintiff's Motion to Compel is denied as to these requests.

**C. Personnel Files**

Request for Production No. 2 requests the personnel files for every employee identified in answer to Interrogatory No. 1. As defined in Plaintiff's Interrogatories, a personnel file includes all documents related to an individual's employment. Dkt. #20-1 at 26. Plaintiff asserts that the personnel files for the JetBlue pilot, flight attendants, and desk attendant supervisor at the Sea-Tac airport are relevant to establishing a "pattern and practice" of discriminatory intent from which the jury could conclude that removal of Mr. Karrani from Flight 263 was motivated by a discriminatory animus. Dkt. #19 at 14-15.

JetBlue objects on the basis that such requests are "disproportionate to the needs of the case and the importance of the requested matters" and "unnecessarily invade the reasonable privacy interests of JetBlue's employees." Dkt. #20, Ex. 4 at 4. Since the filing of this motion,

JetBlue has agreed to produce Ms. Pancerman's personnel file. Dkt. #29 at 9. This leaves the question of discoverability as to the remaining flight crew and the supervisor that Mr. Karrani spoke with at the JetBlue counter at SeaTac.

In civil rights discrimination claims, courts have found that personnel files are discoverable. *See McCoo v. Denny's Inc.*, 192 F.R.D. 675, 679 (D. Kan. 2000) (holding that claims of discriminatory treatment under 42 U.S.C. § 1981 for denial of restaurant service justified discovery of personnel files for restaurant employees where incident occurred). However, discoverability is limited to those individuals "alleged to have engaged in the discrimination or harassment at issue or played an important role in the employment decision or incident that gives rise to the lawsuit." *Id.* at 687. Employees who played "an important role" in the event include those who directly participated in it as well as those who witnessed it. *See id.* The Sea-Tac supervisor who spoke with Mr. Karrani *after* his removal from the plane does not fall within this category. The Court thus denies Plaintiff's Motion to Compel to the extent it seeks personnel files of the supervisor.

With respect to the remaining JetBlue flight crew, Plaintiff claims that all five crew members on Flight 263 witnessed at least part of the events leading to Mr. Karrani's removal, including the Captain's decision to remove Plaintiff from the flight. Dkt. #29 at 10. For this reason, the Court finds Plaintiff entitled to discover the personnel files of the flight crew. Production of this information shall be made in accordance with parties' Protective Order. *See* Dkt. #15.

**D. Litigated Discrimination Claims**

Plaintiff's narrowed request under Interrogatories 2-3 and Requests for Production 3-6 seeks information on other lawsuits by passengers alleging discrimination since January 2014.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL - 6

JetBlue provided a supplemental production of litigated claims since 2013, which Plaintiff alleges was not in good faith and pertained mostly to "pro se" lawsuits making frivolous claims. Dkt. #29 at 7. Specifically, Plaintiff seeks disclosure about "more substantive and meaty cases" filed against JetBlue that exist but were not disclosed. *Id.* (citing racial discrimination case against JetBlue, *Ramsey Abdallah v. JetBlue, et al.*, 2:14-cv-01050-JLL-JAD (D.N.J., Feb. 18, 2014)).

Here, Defendant has failed to meet its burden to show why the discovery of discrimination-related litigation against JetBlue within the past five years should be denied. *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). JetBlue contends that Plaintiff's request is moot because of JetBlue's supplemental production on April 12, 2019. Dkt. #22 at 2. However, JetBlue's failure to produce any records related to the *Ramsey Abdallah* case obviates Defendant's mootness claim. To the extent that additional responsive records exist, the Court will grant Plaintiff's Motion to Compel.

### E. Trainings on Discrimination and Implicit Bias

Plaintiff's Requests for Production Nos. 10 and 23 request all documents related to the training received by JetBlue employees on or relating to (a) race or national origin discrimination and (b) implicit bias. Dkt. #19 at 10-11. JetBlue contends that it produced all material responsive to these requests in its supplemental production on April 12, 2019. Dkt. #22 at 2. Plaintiff claims that the supplemental documents are neither responsive nor relevant, as they apply to outside companies—not JetBlue employees. Dkt. #29 at 7.

The Court finds that Plaintiff is entitled to ascertain what training policies on race and national origin discrimination and implicit bias, if any, were in place for JetBlue flight crew on Flight 263 at the time of the incident. For training-related documents that were current at the time of the incident, JetBlue has failed to meet its burden to show why discovery on these requests

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL - 7

should be denied. To the extent that JetBlue has not fully responded to these requests, the Court will grant Plaintiff's Motion to Compel discovery of current training materials.

### F. Persons Answering Interrogatories

Plaintiff's Interrogatory No. 13 asks JetBlue to:

> Identify the person or persons answering these interrogatories including anyone who contributed information used in answering these interrogatories. If more than one individual provided the answers or contributed any information used in answering these interrogatories, identify the specific interrogatory answered by each person and the information provided.

Sheridan Decl., Dkt. #20, Ex. 4. Through this request, Plaintiff effectively seeks discovery on JetBlue's discovery process. Such "meta-discovery" is highly disfavored, and courts may only allow such discovery "where there is some indication that a party's discovery has been insufficient or deficient." *Jensen v. BMW of N. Am., LLC*, 328 F.R.D. 557, 566 (S.D. Cal. 2019); *see also Freedman v. Weatherford Int'l Ltd.*, No. 12-cv-2121-LAK-JCF, 2014 WL 4547039, at *2 (S.D.N.Y. Sept. 12, 2014) ("[R]equests for such 'meta-discovery' should be closely scrutinized in light of the danger of extending the already costly and time-consuming discovery process ad infinitum.").

Mr. Karrani argues that he "needs to know who contributed information in support of each request" for the purposes of knowing who to cross-examine at trial. Dkt. #19 at 16. Yet document custodians or individuals collecting those materials have no first-hand knowledge of the incident, and JetBlue has no intent to call any such individuals at trial. Dkt. #22 at 10. Plaintiff's justification is not sufficient, and the Court denies the motion to compel as to this request.

### III. CONCLUSION

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's March 29, 2019

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL - 8

Motion to Compel (Dkt. #19) is GRANTED in part and DENIED in part. For the following categories of documents, JetBlue shall produce the requested discovery **within fourteen (14) days of this Order**:

1) Personnel files for the five members of the flight crew (Plaintiff's Request for Production No. 2);

2) Information on other lawsuits against JetBlue by passengers alleging discrimination since January 2014 (Plaintiff's narrowed Interrogatories 2-3 and Requests for Production 3-6); and

3) All documents related to the training received by JetBlue employees on or relating to (a) race or national origin discrimination and (b) implicit bias that were current at the time of Flight 263 (Plaintiff's Requests for Production Nos. 10 and 23).

DATED this 28 day of May 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL - 9