UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDIKARIM KARRANI,<br><br>Plaintiff,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION, a Delaware Corporation,<br><br>Defendant. | Case No. C18-1510-RSM<br><br>ORDER DENYING DEFENDANT JETBLUE AIRWAYS CORPORATION'S MOTION FOR RECONSIDERATION AND DENYING STAY OF COURT'S ORDER |

## I. INTRODUCTION

This matter comes before the Court on Defendant JetBlue Airways Corporation ("JetBlue")'s Motion for Reconsideration. Dkt. #63. On May 28, 2019, this Court granted in part and denied in part Plaintiff's motion to compel various discovery requests. Dkt. #50. Specifically, the Court held that personnel files of the crewmembers on board Flight 263 were discoverable. JetBlue seeks clarification on the scope of the term "personnel files" used in the Court's Order. Dkt. #63 at 1. Alternatively, JetBlue asks that the Court reconsider its Order on

ORDER DENYING DEFENDANT JETBLUE
AIRWAYS CORPORATION'S MOTION FOR
RECONSIDERATION AND DENYING STAY OF
COURT'S ORDER
PAGE - 1

Plaintiff's motion to compel. *Id.* JetBlue furthermore requests a stay of additional document production pending the Court's clarification of these issues. *Id.* at 3. The Court has determined that response briefing is unnecessary. *See* Local Rules W.D. Wash. LCR 7(h)(3).

## II. DISCUSSION

### A. Financial Information

JetBlue first seeks clarification on whether the Court's Order compelling production of "personnel files" includes financial information contained in these personnel files, such as payroll data, benefits, overtime amounts, out of class work, and retirement. Dkt. #63 at 3. The Court's Order defines the scope of "personnel files" as those documents "related to an individual's employment" with reference to the definition set forth in Plaintiff's Interrogatories. Dkt. #50 at 5. The Court therefore intended to use Plaintiff's definition of "personnel files" without creating exceptions for particular categories. Accordingly, the Court will consider JetBlue's Motion as a motion for reconsideration with respect to production of crewmembers' financial data.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id.* Defendant's Motion neither demonstrates manifest legal error, nor does it direct the Court to new facts or legal authority that JetBlue could not have presented in its prior response to Plaintiff's motion to compel.

In support of its Motion for Reconsideration, JetBlue distinguishes between this case and *Lauer v. Longevity Med. Clinic PLLC*—an employment discrimination case in which the court

ORDER DENYING DEFENDANT JETBLUE
AIRWAYS CORPORATION'S MOTION FOR
RECONSIDERATION AND DENYING STAY OF
COURT'S ORDER
PAGE - 2

determined it is difficult to select the part of employment files "reasonably likely" to yield admissible evidence. Dkt. #63 at 4 (citing C13-0860-JCC, 2014 WL 5471983, at *4 (W.D. Wash. Oct. 29, 2014)). In demonstrating that *Lauer* is inapplicable to this case, JetBlue states, "This case is not an employment discrimination case." *Id.*

However, this Court did not rely exclusively on *Lauer*—nor any employment discrimination case—in holding that the personnel files of crewmembers on board Flight 263 were discoverable. On the contrary, the Court found persuasive a federal civil rights discrimination case involving two African-Americans allegedly denied service at a restaurant due to their race. *See* Dkt. #50 at 6 (citing *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 679 (D. Kan. 2000)). The *McCoo* court declined to parse out the discoverability of specific categories of documents contained in employees' personnel files, finding that "*[a]ll documents* contained within those employees' personnel files shall be produced to Plaintiffs," with the exception of any documents protected pursuant to an existing Consent Decree and Stipulation. *McCoo*, 192 F.R.D. at 688 (emphasis added). Defendant's Motion for Reconsideration makes no reference to *McCoo* nor any case law adverse to its holding that personnel files, in their entirety, are discoverable in federal civil rights discrimination cases for those employees who played an "important role" in the incident giving rise to the lawsuit either as direct participants or as witnesses. *See id.* at 687.

Furthermore, JetBlue's Motion clarifies its position that financial data should not be discoverable under the umbrella of "personnel files" for which the Court compelled production, on the basis that these records "are not relevant to Plaintiff's discrimination claim and are disproportionately burdensome and encroach on the privacy interests of JetBlue's employees."

ORDER DENYING DEFENDANT JETBLUE
AIRWAYS CORPORATION'S MOTION FOR
RECONSIDERATION AND DENYING STAY OF
COURT'S ORDER
PAGE - 3

Dkt. #63 at 3. However, in its original response to Plaintiff's motion to compel, JetBlue provided a broader definition of "employment information" that was unlikely to lead to the discovery of admissible evidence: "payroll data, sick leave, *insurance*, benefits, *counseling*, retirement, *demographic*, *FMLA*, or *other sensitive employment information* . . . ." Dkt. #22 at 9 (emphasis added). In analyzing this broader category of "sensitive employment information" provided by Defendant, the Court determined that certain categories of crewmembers' employment information—even sensitive information—could reasonably lead to the discovery of evidence relevant to discriminatory intent. Dkt. #50 at 5-6. While JetBlue now requests that the Court exempt from discovery a narrower scope of this employment information strictly limited to "financial data," that specific question was not raised in parties' briefings on the motion to compel and is not properly before the Court. *See Lauer*, 2014 WL 5471983, at *3 ("The party who resists discovery . . . has the burden of clarifying, explaining, and supporting its objections.") (internal citations omitted). JetBlue's opportunity to parse various parts of Plaintiff's discovery requests and clarify objections was during briefing on Plaintiff's motion to compel—not on a motion for reconsideration.

With respect to JetBlue's argument that production of personnel files encroaches on the privacy interests of JetBlue employees, the Court considered the fact that JetBlue produced Ms. Pancerman's personnel file without moving for a revised protective order. *See* Dkt. #50 at 6. Accordingly, the Court found that Plaintiff was entitled to discover personnel files of the flight crew, with production "made *in accordance with parties' Protective Order*" to address any sensitive information. *Id.* (emphasis added). Nevertheless, to the extent that privacy concerns

ORDER DENYING DEFENDANT JETBLUE
AIRWAYS CORPORATION'S MOTION FOR
RECONSIDERATION AND DENYING STAY OF
COURT'S ORDER
PAGE - 4

still exist for the remaining crewmembers' personnel files, the Court's previous Order does not preclude the parties from filing a revised protective order to address any potentially sensitive information not covered by the existing protective order. For these reasons, JetBlue's Motion fails to demonstrate manifest legal error by the Court in compelling production of personnel files without exceptions for certain financial records.

## B. Medical Information

JetBlue also seeks clarification on whether the Court's Order compelled production of medical information, including sick leave records. Dkt. #63 at 4. Plaintiff's discovery request specifically excludes "medical and FMLA information." Dkt. #20-1 at 26. Accordingly, the Court's previous Order did not compel production of medical-related records.

## C. Crewmember Training Materials

Lastly, JetBlue seeks clarification on whether the Court's Order compelled production of *all* crewmember training materials, including those outside the scope of training related to race or national origin discrimination and implicit bias. JetBlue claims that Plaintiff's broad definition of "personnel files," which includes "training" and "training files," would include training records developed by the Federal Aviation Administration ("FAA") on an array of operational subjects unrelated to this case. Dkt. #63 at 5. In contrast, Plaintiff's separate document requests Nos. 10 and 23 only sought training materials for JetBlue employees relating to (a) race or national origin discrimination and (b) implicit bias. *Id*. JetBlue now asks the Court whether its ruling on document requests Nos. 10 and 23, which held that training materials received by JetBlue employees on discrimination and implicit bias were discoverable, somehow limits the scope of

ORDER DENYING DEFENDANT JETBLUE
AIRWAYS CORPORATION'S MOTION FOR
RECONSIDERATION AND DENYING STAY OF
COURT'S ORDER
PAGE - 5

"training" and "training files" contained in crewmembers' personnel files. If the Court did not limit the scope of "training" and "training files" in its Order to compel production of "personnel files," JetBlue asks that the Court reconsider its decision.

As stated above, the Court's Order defines the scope of "personnel files" as those documents "related to an individual's employment" with reference to the definition set forth in Plaintiff's Interrogatories, therefore indicating the Court's intention to use Plaintiff's definition of "personnel files" without creating exceptions. Dkt. #50 at 5. Accordingly, the Court will consider JetBlue's Motion as a motion for reconsideration with respect to production of crewmembers' training records.

Similar to its request to limit discovery of financial data, JetBlue never raised this specific training records issue in its response to Plaintiff's motion to compel—despite Plaintiff's assertion that "*all* training documents requested should be produced." Dkt. #19 at 16 (emphasis added). As the party resisting discovery, JetBlue carried the burden of clarifying that production of personnel files would include these FAA training records. *Lauer*, 2014 WL 5471983, at *3 ("The party who resists discovery . . . has the burden of clarifying, explaining, and supporting its objections.") (internal citations omitted). With respect to Plaintiff's request for crewmembers' personnel files, JetBlue disputed the relevance of "sensitive employment information," Dkt. #22 at 9, yet failed to raise the issue involving FAA training records now raised in this Motion. Again, JetBlue's opportunity to parse various parts of Plaintiff's discovery requests and clarify objections was during briefing on Plaintiff's motion to compel—not on a motion for reconsideration.

ORDER DENYING DEFENDANT JETBLUE
AIRWAYS CORPORATION'S MOTION FOR
RECONSIDERATION AND DENYING STAY OF
COURT'S ORDER
PAGE - 6

Accordingly, JetBlue's Motion fails to demonstrate manifest legal error by the Court in compelling production of personnel files without exceptions for certain FAA training records.

### III. CONCLUSION

For the foregoing reasons, the Court finds that Defendant's Motion for Reconsideration neither demonstrates manifest legal error in the prior Order, nor directs the Court to new facts or legal authority that JetBlue could not have presented in its briefing on the motion to compel. Accordingly, and after having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion for Reconsideration, Dkt. #63, is DENIED. Defendant's request for a stay of the Court's previous Order, Dkt. #50, shall therefore also be DENIED.

DATED this 17 day of June 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE