UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDIKARIM KARRANI,<br><br>Plaintiff,<br><br>v.<br><br>JETBLUE AIRWAYS CORPORATION, a Delaware Corporation,<br><br>Defendant. | Case No. C18-1510 RSM<br><br>ORDER DENYING PLAINTIFF'S FIRST AND SECOND MOTIONS TO SEAL |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Abdikarim Karrani's two Motions to Seal, filed on March 29, 2019 and May 24, 2019, respectively. Dkts. ## 18, 45. Both Motions relate to documents designated as "confidential" by Defendant JetBlue Airways Corp. ("JetBlue") under the parties' Protective Order, and therefore filed under seal by Plaintiff pursuant to Local Civil Rule 5(g). A full summary of the case is not necessary given this Court's earlier orders on parties' discovery disputes. *See* Dkts. #49, 50.

For the foregoing reasons, the Court DENIES Plaintiff's first and second Motions to Seal.

## II. DISCUSSION

"There is a strong presumption of public access to the court's files." Local Rules W.D. Wash. LCR 5(g). However, for sealed discovery documents attached to non-dispositive motions,

the Ninth Circuit has found that this strong presumption is rebutted given that such documents are often "unrelated, or only tangentially related, to the underlying cause of action." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)) (internal quotations omitted). Accordingly, a "good cause" showing under Rule 26(c) may suffice to keep under seal documents attached to non-dispositive motions. *Id.* Rule 26, which gives district courts flexibility in balancing and protecting the interests of private parties, states that "good cause" is shown where forbidding disclosure or discovery would "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense …." Fed. R. Civ. P. 26(c).

The Court's Local Rules explicitly instruct parties to present legal and evidentiary support in a motion to seal. Normally that motion must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." Local Rules W.D. Wash. LCR 5(g)(3)(B). However:

> Where parties have entered a litigation agreement or stipulated protective order (see LCR 26(c)(2)) governing the exchange in discovery of documents that a party deems confidential, a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above. Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion.

LCR 5(g)(3). In this case, the protective order stipulated and agreed to by the parties on February 15, 2019 explicitly states that "Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal." Dkt. #15 at 4.

**A. Plaintiff's First Motion to Seal**

ORDER DENYING PLAINTIFF'S FIRST AND SECOND MOTIONS TO SEAL
PAGE - 2

Plaintiff's First Motion to Seal (Dkt. #18), concerns deposition testimony and a passenger complaint email designated by JetBlue as "confidential" under the Protective Order (Dkt. #15). Plaintiff relied on this material to support Plaintiff's First Motion to Compel. *See* Dkt. #21, Exs. 1A, 2A, 7. Pursuant to Local Civil Rule 5(g), JetBlue's confidential designations required Plaintiff to file these documents under seal. Plaintiff contends that the records JetBlue designated as "confidential" should not be sealed, and that Plaintiff should be allowed to file the unredacted motion to compel, with the attached exhibits, without sealing.

In response to Plaintiff's motion, JetBlue de-designated portions of the deposition transcripts, Dkt. #21, Exs. 1A, 2A, and confirmed that the transcripts may be re-filed not under seal, but with redactions of "uncontested confidential information" such as crew members' addresses. Dkt. #26 at 1. Plaintiff argues that the deposition excerpts provide no remaining confidential material and should be produced in full without redactions. Dkt. #27 at 2. Neither party argues that the deposition transcripts should remain sealed. Upon review of the transcripts, the Court finds no mention of crew member addresses or any other "uncontested confidential information" subject to the Protective Order.

With respect to the passenger complaint filed under seal, Dkt. #21, Ex. 7, JetBlue's Response only refers to the deposition transcripts—it makes no mention of the passenger complaint. If JetBlue wanted the passenger complaint to remain under seal, it needed to show good cause for keeping the document sealed. *See* Local Rules W.D. Wash. LCR 5(g)(3) (party designating document confidential must set forth applicable legal standard and explain why less restrictive alternative is not sufficient). JetBlue has failed to provide any justification for keeping the passenger complaint sealed.

The Court has reviewed the documents at issue and found that the deposition transcripts contain no sensitive information requiring further redaction. However, the passenger complaint contains the names of the complaining passengers—which were redacted elsewhere in the document—and therefore requires further redaction pursuant to parties' Protective Order before re-filing. *See* Dkt. #21, Ex. 7 at 3. Accordingly, the Court DENIES Plaintiff's Motion to Seal (Dkt. #18), and ORDERS Plaintiff to re-file the declaration exhibits attached to the Declaration of John P. Sheridan in Support of Plaintiff's Motion to Compel (Dkt. #20), with redactions of passengers' names contained in the passenger complaint, Ex. 7.

### B. Plaintiff's Second Motion to Seal

Plaintiff's Second Motion to Seal (Dkt. #45), concerns five incident reports that JetBlue designated as "confidential" and were accordingly filed under seal by Plaintiff in support of Plaintiff's Reply to the Second Motion to Compel. The sealed reports pertain to JetBlue Flight 358: a flight in February 2016 during which an incident involving flight attendant Cindy Pancerman resulted in removal of a black passenger, Fatima Wachuku. Dkt. #47, Rose Decl. at 1. These five additional incident reports provide information about Ms. Wachuku's removal as well as the removal of an unidentified black female passenger on the same flight. Of the five disclosed reports, two concern only Ms. Wachuku, two concern only the unidentified woman, and one concerns both passengers. Dkt. #47, Rose Decl. at 2.

JetBlue argues that the reports should be sealed on the basis that they are proprietary JetBlue documents that contain sensitive information about the unidentified passenger, who was not a complainant against Ms. Pancerman. Dkt. #61 at 3. Secondly, JetBlue argues that the documents, on their face, demonstrate that removal of the other passenger did not involve Ms. Pancerman and are therefore unrelated to this case. *Id.* ("Plaintiff's Interrogatory No. 7 asks:

'Please identify every complaint *against Cindy Pancerman* in the last ten years.'") (emphasis in original).

After careful review of parties' briefings and the incident reports at issue, the Court finds that JetBlue failed to provide good cause to keep the documents sealed. As the party designating the document confidential, JetBlue was required to set forth the applicable legal standard pursuant to LCR 5(g)(3)(B) and explain why a less restrictive alternative was not sufficient. *See* Local Rules W.D. Wash. LCR 5(g)(3). Given the redactions of the second passenger's name and identifying information, it is unclear to the Court how disclosure of a "sensitive and potentially embarrassing event" warrants sealing when the passenger's identifying information is redacted. Additionally, while JetBlue contends that reports involving the second passenger are not responsive to Plaintiff's discovery requests, lack of relevance is not sufficient to warrant sealing of the incident reports—three of which do, in fact, involve Ms. Pancerman. *See* Dkt. #47, Rose Decl. at 2. Accordingly, the Court DENIES Plaintiff's Second Motion to Seal (Dkt. #45).

## CONCLUSION

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1) Plaintiff's First Motion to Seal (Dkt. #18) is DENIED. Within **fourteen (14) days** from the date of this Order, Plaintiff shall re-file the declaration exhibits attached to the Declaration of John P. Sheridan in Support of Plaintiff's Motion to Compel (Dkt. #20), with redactions of passengers' names contained in the passenger complaint, Exhibit 7;

2) Plaintiff's Second Motion to Seal (Dkt. #45) is DENIED and the CLERK SHALL UNSEAL Dkt. #48 no earlier than **ten (10) days** from the date of this Order.

DATED this 28th day of June 2019.

*[signature]*

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE