UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABDIKARIM KARRANI,

Plaintiff,

v.

JETBLUE AIRWAYS CORPORATION, a Delaware Corporation,

Defendant.

Case No. C18-1510 RSM

ORDER GRANTING PLAINTIFF'S SECOND MOTION TO COMPEL AND GRANTING DEFENDANT'S MOTION TO STRIKE

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Fed. R. Civ. P. 37(a) Second Motion to Compel information related to complaints and prior incidents regarding Ms. Cindy Pancerman. Dkt. #35. Plaintiff Abdikarim Karrani moves to compel Defendant JetBlue Airways Corporation ("JetBlue") to produce unredacted copies of passenger complaints against Ms. Pancerman. Plaintiff filed this motion on May 9, 2019—ten days after the close of discovery—and requests relief from the deadline to file discovery motions on March 29, 2019. On May 29, 2019, JetBlue filed a surreply pursuant to Local Rule 7(g) requesting that the Court strike Section E of Plaintiff's

Reply in support of the Second Motion to Compel. Dkt. #58. A full summary of the case is not necessary given this Court's earlier orders on parties' discovery disputes. *See* Dkts. #49, 50.

For the reasons set forth below, Plaintiff's Motion to Compel is GRANTED, and Defendant JetBlue's Motion to Strike is GRANTED.

## II. BACKGROUND

Plaintiff's first set of discovery requests were served on February 6, 2019. Dkt. #20 at 2. Interrogatory No. 7 asked JetBlue to "identify every complaint against Cindy Pancerman in the last ten years" and to provide facts related to each complaint. Dkt. #20-1 at 32. Request for Production No. 13 asks for all documents related to Interrogatory No. 7. Plaintiff's discovery requests define "complaint" as:

> [M]eans for a passenger to communicate to [JetBlue] or to a third party a concern about a JetBlue employee or about an incident involving a JetBlue employee, which *may* include actions or inactions by JetBlue which imply unfair, discriminatory, retaliatory, or harassing treatment by you against a passenger. This includes both oral and written communications received by you, directly or indirectly (i.e., a communication from a government agency notifying you of a complaint).

Dkt. #20-1 at 23–24. JetBlue objected to the scope of the requests but agreed to search for and produce any documented customer complaints involving Cindy Pancerman in the three years prior to Flight 263, noting that customer complaints are deleted after three years pursuant to JetBlue's document retention policy. Dkt. #20-1 at 49. JetBlue produced its supplemental response on April 12, 2019, which included a racial discrimination complaint from February 2016 and a complaint about mistreatment, without allegations of discriminatory motive. Dkt. #35 at 7. JetBlue ultimately produced a more complete version of the February 2016 racial discrimination

complaint that identified the complainant, Fatima Wachuku, and Plaintiff deposed the complainant before the close of discovery. *Id.*

On April 29, 2019, JetBlue provided its second supplemental responses. Dkt. #35 at 7. This second supplemental response included Ms. Pancerman's personnel file, which contained additional incident reports and customer communications related to complaints against Ms. Pancerman. Dkt. #37, Jorgensen Decl., ¶ 8. JetBlue redacted the names of non-party individuals contained in these documents. *Id.* ¶ 13. Plaintiff objected to these redactions and, on May 9, 2019, filed a second Motion to Compel JetBlue to produce:

> [U]nredacted copies of all versions of other passengers' complaints against Ms. Pancerman that exist and all related documentation, without any redactions made to the names and contact information of the complainants or otherwise.

Dkt. #35 at 13.

### III. DISCUSSION

**A. Plaintiff's Requested Relief from Deadline**

As a preliminary matter, Plaintiff requests relief from the deadline to file discovery motions. The deadline for filing discovery motions was March 29, 2019. Dkt. #11. Plaintiff filed this Motion to Compel on May 9, 2019. Plaintiff requests relief from the deadline on the basis that JetBlue only disclosed to Plaintiff these additional complaints involving Ms. Pancerman on April 29, 2019, in its second supplemental responses. Dkt. #35 at 3. Given that Plaintiff timely moved to compel production of all complaints involving Ms. Pancerman in the first Motion to Compel (Dkt. #19) the Court finds it appropriate to grant Plaintiff relief from the deadline to specifically address the redaction issue.

**B. Standard of Review**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* "District courts have broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

### C. Production of Unredacted Passenger Complaints against Ms. Pancerman

Plaintiff argues that JetBlue must disclose the identities of other passengers and complainants who filed complaints against Ms. Pancerman in order to determine whether Mr. Karanni's removal from Flight 263 fits a larger pattern of Ms. Pancerman mistreating and unfairly removing African Americans and/or other racial minorities from JetBlue flights. Dkt. #35 at 3. While Plaintiff estimates that the redacted names could amount to seven separate individuals who complained about Ms. Pancerman's conduct on six different flights, Dkt. #36, ¶ 5, JetBlue claims that the redactions total three individuals: two non-party passengers, and a relative of a passenger who wrote to JetBlue to complain about his relative's experience. Dkt. #39, Jorgensen Decl., ¶ 13.

JetBlue opposes Plaintiff's motion to compel the names and contact information for other passengers who complained about Ms. Pancerman on several grounds. First, JetBlue argues that Plaintiff's request is disproportional to the needs of the case and presents an undue imposition on the privacy of passengers who submitted complaints against Ms. Pancerman. Dkt. #37 at 4. The Court finds JetBlue's argument unavailing. With respect to privacy interests, JetBlue fails to explain why the current Protective Order (Dkt. #15) inadequately protects these complainants' privacy interests—particularly for those complainants who stated they were "ready to face any court house or arbitration room to testify against [Cindy Pancerman]." Dkt. #36-1 at 21.

In considering the proportionality of Plaintiff's request against these privacy concerns, the information Plaintiff seeks to compel regarding complaints against Ms. Pancerman is relevant to his discrimination claim. Other complaints against Ms. Pancerman for alleged mistreatment on JetBlue flights may offer circumstantial evidence of race or national origin discrimination—regardless of whether the original complaint specifically cited "discrimination" in describing the incident. JetBlue's redactions, which conceal the identities of other passengers who complained about Ms. Pancerman's behavior, prevent Plaintiff from determining whether these other complainants belong to a protected class. Such information may reasonably lead to determining whether Ms. Pancerman's alleged actions toward Mr. Karrani represent an isolated incident of mistreatment, or whether they fit a broader pattern of discriminatory behavior by Ms. Pancerman against certain passengers. This information cannot be determined until JetBlue produces the unredacted reports. Accordingly, the Court finds Plaintiff's request proportional to the needs of the case.

JetBlue also opposes Plaintiff's Motion on the basis that Plaintiff failed to make a showing of similarity to justify discovery of pattern-or-practice evidence. Dkt. #37 at 5. Courts only allow

plaintiffs discovery of "pattern-or-practice" evidence to prove discrimination where "a plaintiff can make some showing to connect it to his or her claims." *Id.* (citing *Walech v. Target Corp.*, C11-254 RAJ, 2012 WL 1068068, at *6–7 (W.D. Wash. Mar. 28, 2012) (internal citations omitted). JetBlue relies on *Walech*, a complaint against Target for disability discrimination, wherein the court limited discovery of complaints to those that involved similar allegations such as FMLA interference, disability discrimination, failure to accommodate, and retaliation. *Id.* at 6-7. Under this reasoning, JetBlue argues, the scope of discovery for complaints against Ms. Pancerman similar to those of Mr. Karrani must be restricted to those involving a complainant's removal from the flight. *Id.* at 7.

      The Court finds JetBlue's view unduly restrictive of the scope of discovery. In *Walech*, the plaintiff sought discovery of *all* complaints and lawsuits filed by Target employees against twenty-four Target stores, since those stores were all managed by the same Human Resources Manager. *Id.* at 8. Finding the request overbroad, the court limited complaints to those involving similar allegations of employment discrimination. Here, unlike the cases JetBlue relies upon, Plaintiff does not seek "pattern and practice" evidence across all of JetBlue's flight attendants. *See, e.g.*, *Acton v. Target Corp.*, C08-1149RAJ, 2009 WL 3380645, at *2 (W.D. Wash. Oct. 16, 2009) (Plaintiff seeking discovery of Target employee information throughout Washington State). On the contrary, Plaintiff seeks discovery of complaints of passenger mistreatment by the same alleged bad actor: Ms. Pancerman. Complaints similar to Mr. Karrani's claims would be other allegations against Ms. Pancerman for mistreatment of racial minority passengers—regardless of whether the reported incident culminated in removal. Accordingly, the Court finds that Plaintiff sufficiently justified discovery of unredacted passenger complaints against Ms. Pancerman to determine the identities of the complainants.

Lastly, JetBlue argues that Plaintiff's other incident discovery would place a disproportionate burden on JetBlue and the Court by forcing JetBlue to conduct "trials within a trial" to determine the accuracy and legitimacy of the other reported incidents. Dkt. #37 at 7-8. The Court agrees with Plaintiff that JetBlue's argument is premature, given that this motion pertains to discovery—not admissibility of evidence at trial. *See* Fed. R. Civ. P. 26(b) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."). The proper inquiry is whether the requested discovery is relevant to a party's claim and proportional to the needs of the case. Likewise, the cases relied on by JetBlue pertain to admissibility of evidence rather than discoverability. *See, e.g.*, *Tennison v. Circus Circus Enter., Inc.*, 244 F.3d 684, 690 (9th Cir. 2001) (ruling excluding evidence); *Hargrave v. Univ. of Washington*, 113 F. Supp. 3d 1085, 1106 (W.D. Wash. 2015) (order on summary judgment declining to consider evidence subject to exclusion at trial). Accordingly, for the reasons set forth above, the Court finds the unredacted complaints against Ms. Pancerman relevant to Plaintiff's discrimination claims and not disproportionately burdensome, and therefore discoverable.

**D. Information of Unidentified Passenger on Flight 358**

The Court now turns to JetBlue's Motion to Strike. Dkt. #58. Section E of Plaintiff's Reply in support of the Second Motion to Compel requests the name and contact information of an unidentified passenger described in incident reports related to JetBlue Flight 358. Dkt. #46 at 8. Flight 358 was a flight in February 2016 during which an incident involving flight attendant Cindy Pancerman resulted in removal of a black passenger, Fatima Wachuku. Dkt. #47, Rose Decl. at 1. Plaintiff's counsel deposed Ms. Wachuku on April 26, 2019, but information on this second passenger only came to light on May 20, 2019 from incident reports contained in JetBlue's Third Supplemental Production. *Id.* Plaintiff's Second Motion to Compel was filed on May 9,

2019, prior to JetBlue producing the incident reports describing the second removed passenger on Flight 358.

JetBlue argues that Section E of Plaintiff's Reply is untimely, on the basis that Plaintiff raised this argument for the first time in a reply brief. Dkt. #58 at 1 (citing *Tile Tech, Inc. v. Appian Way Sales, Inc.*, C17-1660JLR, 2018 WL 2113958, at *4 (W.D. Wash. May 8, 2018) ("A district court cannot consider arguments raised for the first time in a reply brief.") (internal citations omitted). Additionally, JetBlue argues that the documents, on their face, demonstrate that removal of the other passenger did not involve Ms. Pancerman and are therefore not within the realm of the requested discovery. *Id.* at 2.

Even if the Court considers Plaintiff's argument timely, the information involving this second unnamed passenger falls outside the scope of requested discovery. Plaintiff's Interrogatory No. 7 asks: "Please identify every complaint *against Cindy Pancerman* in the last ten years." Dkt. #58 (emphasis added). After careful review of the incident reports in question, *see* Dkt. #48 (JB 000633-58), the Court finds that the reports do not clearly indicate Ms. Pancerman's involvement in the second passenger's removal. On the contrary, the incident report suggests that the flight crew's interaction with the unnamed passenger and subsequent request for removal involved the "F3," a different flight attendant from Ms. Pancerman. The passenger information contained in these reports is therefore not responsive to Plaintiff's discovery requests for all complaints *against Ms. Pancerman*, and does not qualify as "related documentation" given its disconnection to Ms. Pancerman. Accordingly, the Court GRANTS Defendant JetBlue's Motion to strike Section E of Plaintiff's Reply.

**E. Attorneys' Fees**

ORDER GRANTING PLAINTIFF'S SECOND
MOTION TO COMPEL AND GRANTING
DEFENDANT JETBLUE'S MOTION TO STRIKE
PAGE - 8

Lastly, Plaintiff requests a fee award under Fed. R. Civ. P. 37(a)(5) for expenses incurred in bringing the Second Motion to Compel. Dkt. #35 at 5. The Court finds no indication of bad faith in JetBlue's production of complaints with redactions, and therefore declines to grant an award of fees at this time.

However, the Court strongly advises the parties to review the conference requirements of Local Rule 37, which requires parties to engage in a "good faith effort to confer" before turning to motion practice. *See* Local Rules W.D. Wash. LCR 37(a). Given the numerous discovery disputes raised in this case, *see, e.g.,* Dkts. ## 16, 19, 35 (motions to compel); ##18, 45, 67 (motions to seal), the parties are reminded that resolution by the Court should be a last resort—not regular practice—as it detracts from the timely resolution of dispositive issues. *See also* Local Rules W.D. Wash. LCR 5(g)(1)(A) (conference requirements for motions to seal).

## CONCLUSION

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1) Plaintiff's Second Motion to Compel (Dkt. #35) is GRANTED;

2) Defendant's Motion to Strike (Dkt. #58) is GRANTED;

3) JetBlue shall produce unredacted copies of other passengers' complaints against Ms. Pancerman **within fourteen (14) days of this Order**, with the exception of those documents under Defendant's Motion to Strike regarding the unidentified passenger on Flight 358.

//

//

1     DATED this 28th day of June 2019.

                                                                                                  *[signature]*

                                              RICARDO S. MARTINEZ
                                              CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFF'S SECOND
MOTION TO COMPEL AND GRANTING
DEFENDANT JETBLUE'S MOTION TO STRIKE
PAGE - 10