The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDIKARIM KARRANI,<br><br>           Plaintiff,<br><br>     vs.<br><br>JETBLUE AIRWAYS CORPORATION, a Delaware corporation,<br><br>           Defendant. | No. C18-1510 RSM<br><br>PLAINTIFF'S FRCP 59(e) MOTION TO ALTER OR AMEND JUDGMENT DISMISSING THE CASE<br><br>NOTE ON MOTION CALENDAR:<br>September 13, 2019 |

PLAINTIFF'S FRCP 59(e) MOTION TO ALTER OR AMEND JUDGMENT DISMISSING THE CASE
(NO. 2:18-cv-01510-RSM)

SHERIDAN LAW FIRM, P.S.
Hoge Building, Suite 1200
705 Second Avenue
Seattle, WA  98104
Tel: 206-381-5949  Fax: 206-447-9206

# INTRODUCTION

Accompanying this motion to alter or amend the judgment under FRCP 59(e) are detailed proposed findings of fact and conclusions of law. References made to the proposed findings of fact and conclusions of law in this motion will be abbreviated as PFF¶___. Being filed simultaneously is a separate motion seeking sanctions, and a Sheridan Declaration that will be cited in both motions.

JetBlue, through its counsel, represented that admittedly relevant documents like Section 7 of the Flight Attendant Manual ("FAM §7"), pertaining to "customer misconduct," could not be produced in discovery because production, even under a protective order, would violate federal laws and regulations pertaining to release of security sensitive information ("SSI"). JetBlue's representation was a fabrication—FAM §7 was in fact produced in a redacted form in July 2019, long after the discovery cutoff and after all briefing had been filed on the defendant's motion for summary judgment.

JetBlue is still improperly withholding the Pilot Manual ("PM"), which likely contains specific procedures for the captain to follow in addressing the issues in this case that resulted in Mr. Karrani's removal from the flight. JetBlue and its attorneys never listed the pilot manual as a document being withheld, neither in the various privilege logs submitted, nor in JetBlue's discovery responses (although JetBlue listed FAM §7 in both), but late in July 2019, JetBlue Defense Attorney Caryn Jorgensen, a partner at Mills Meyers Swartling P.S., admitted to the existence of the pilot manual when confronted by Mr. Sheridan, and agreed to produce it—but never did.

In addition to having withheld the pilot manual throughout this litigation, JetBlue's

PLAINTIFF'S FRCP 59(e) MOTION TO ALTER OR AMEND JUDGMENT DISMISSING THE CASE (NO. 2:18-cv-01510-RSM) - 1

SHERIDAN LAW FIRM, P.S.
Hoge Building, Suite 1200
705 Second Avenue
Seattle, WA  98104
Tel: 206-381-5949  Fax: 206-447-9206

admissions above demonstrate that JetBlue is also, currently withholding production of pilot training materials that may provide guidance to pilots on addressing issues like race and implicit bias in the context of allegations of customer misconduct.

The late disclosure and ongoing failure to produce other relevant documents has severely prejudiced plaintiff's discovery efforts and affected the Court's decision granting summary judgment.

### The Summary Judgment Order Should Be Stricken

The order granting summary judgment should be stricken for two reasons. First, it was unfair to require the plaintiff to go through summary judgment missing important documents wrongfully withheld by the defendant and its attorneys, which tainted the outcome. Second, even without the discovery that would have followed production of the FAM §7 on March 15, 2019, and without the pilot manual and pilot training materials, the addition of the redacted FAM §7 provides "specific and substantial" evidence of pretext under the *McDonnell Douglas* framework.[1]

In cases involving the *McDonnell Douglas* framework, the plaintiff "need produce very little evidence in order to overcome an employer's motion for summary judgment. This is because "the ultimate question is one that can only be resolved through a searching inquiry—one that is most appropriately conducted by a factfinder, upon a full record." *Chuang v. Univ. of California Davis, Bd. of Trustees*, 225 F.3d 1115, 1124 (9th Cir. 2000). "The factfinder's disbelief of the reasons put forward by the defendant (particularly if

---

[1] This Court found that plaintiff stated a prima facie case of discrimination under the *McDonnell Douglas* framework, but failed on the pretext element. Dkt. #84 at 8:20 and 12:3.

PLAINTIFF'S FRCP 59(e) MOTION TO ALTER OR AMEND JUDGMENT DISMISSING THE CASE (NO. 2:18-cv-01510-RSM) - 2

SHERIDAN LAW FIRM, P.S.
Hoge Building, Suite 1200
705 Second Avenue
Seattle, WA  98104
Tel: 206-381-5949  Fax: 206-447-9206

disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the prima facie case, suffice to show intentional discrimination." *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 147, 120 S. Ct. 2097, 2108, 147 L. Ed. 2d 105 (2000), *quoting*, *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511, 113 S. Ct. 2742, 2749, 125 L. Ed. 2d 407 (1993). "In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose. Such an inference is consistent with the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as "affirmative evidence of guilt." 530 U.S. at 147. "Thus, a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. at 148. PFF¶¶60-67.

**In the Air or On the Ground**? To increase the sense of urgency at summary judgment, the defendant insisted that all actions and decision-making happened in the air during a medical emergency. In the light most favorable to Mr. Karrani, the medical emergency was "under control or stable when the [Karrani] incident happened." Dkt. 68-1 at 144:7-18. Taking every inference in favor of Mr. Karrani, the only words reporting an incident to the captain came from a flight attendant as the plane was about to land. According to the testimony of First Officer Cheney, a flight attendant said, "we need law enforcement to meet us at the airplane." Dkt. #69 at 2:7-22. No other words were said. Mr.

PLAINTIFF'S FRCP 59(e) MOTION TO ALTER OR AMEND JUDGMENT DISMISSING THE CASE
(NO. 2:18-cv-01510-RSM) - 3

SHERIDAN LAW FIRM, P.S.
Hoge Building, Suite 1200
705 Second Avenue
Seattle, WA 98104
Tel: 206-381-5949  Fax: 206-447-9206

Karrani gets the benefit of the testimony that best supports his position.[2] PFF¶68.

**The Incident Should Have Ended at Step 1 of Flow Chart 7-1**. Under FAM §7, in the light most favorable to Mr. Karrani, the incident ended in the air. PFF¶69.

**Suspicion of Mendacity**. Within the *McDonnell Douglas* framework, to overcome the defendant's legitimate, non-discriminatory reason for the adverse action, which was that "an air carrier may refuse to transport a passenger or property the carrier decides is, or might be, inimical to safety," Dkt. #84 at 10-12, the plaintiff may produce evidence of pretext. To show pretext, the plaintiff may show mendacity. *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. at 147. PFF¶70.

**F-1 Cindy Pancerman is Mendacious And Ignored FAM §7**. In the light most favorable to Mr. Karrani, he is a black man who speaks "broken English" with an accent.[3] At her deposition, Ms. Pancerman denied that Mr. Karrani was black and denied he spoke with an accent. Dkt. #68-1 at 45:25-46:10. A reasonable juror could conclude that Ms. Pancerman was acting with discriminatory intent, so as a defense she denied knowing his race or of his accent. PFF¶71.

Ms. Pancerman denied touching Mr. Karrani (Dkt. #68-1 at 49:12-15), but Mr. Karrani said she pushed him, Mr. Roberts said she grabbed him, and Captain Ouillette testified that Ms. Pancerman told him (after landing[4]) that she put her hand on Mr. Karrani's

---

[2] Mr. Cheney submitted a reply declaration that repudiated much of what he said in his deposition. This may be a sham affidavit, but for the purposes of summary judgment, the Court will simply ignore any later contradictory statements.
[3] *See, e.g.*, Dkt. #68-1 at 42:11-43:13 (Ouillette Dep. identified Karrani as black man while Karrani seated on plane); Dkt. #68-1 at 113:22-24; 114:21-22; 117:14-19 (Police Officer Winkley Dep.); and Dkt. #68-1 at 164:2-11 (Roberts Dep. "black gentleman").
[4] Dkt. #68-1 at 109:11-16, 111:13-17 (Police Officer Winkley dep.).

PLAINTIFF'S FRCP 59(e) MOTION TO ALTER OR AMEND JUDGMENT DISMISSING THE CASE (NO. 2:18-cv-01510-RSM) - 4

SHERIDAN LAW FIRM, P.S.
Hoge Building, Suite 1200
705 Second Avenue
Seattle, WA  98104
Tel: 206-381-5949  Fax: 206-447-9206

back in a guiding manner "like you would to a child." Dkt. #68-1 at 26:13-22. In the light most favorable to Mr. Karrani, Ms. Pancerman engaged in a form of unwanted touching. F-1 Pancerman, F-2 Salvador, and Captain Ouillette all acknowledged that unwanted touching of a passenger is a breach of policy.[5] FAM §7.2.7 is a policy that provides guidance for unwanted touching between passengers, but in the light most favorable to Mr. Karrani, this is some evidence supporting the flight crew's testimony that touching is against policy. A reasonable jury could conclude that Ms. Pancerman's unwanted touching of Mr. Karrani, and Ms. Pancerman's mendacious denial of that touching, is evidence of a lack of respect and discriminatory animus for Mr. Karrani as a black man with an accent much like is seen every day in the news in America.[6] PFF¶¶71-74. Ms. <u>Pancerman has used the same plan to remove two other black passengers. FRE 404(b). PFF¶¶74.</u>

**Captain Ouillette is Mendacious And ignored FAM §7**. In light of First Officer's Cheney's testimony that little was said in the call to the cabin just before landing, Captain Ouillette's IRR statement that a passenger "forcefully pushed my F1" is mendacious in that it conflicts with the statements of both Cheney and Pancerman. Dkt. # 70, Ex. 2A at 52:19. Captain Quillette states that he made the decision to remove Mr. Karrani in the phone call with F1 Pancerman, but his testimony is contradicted by his

---

[5] Dkt. #68-1 at 52:7-22 (Pancerman Dep.); #68-1 at 157:6-16 (Salvador Dep.); Dkt. #68-1 at 35:12-16 (Ouillette Dep.).
[6] For example, "Young African–American males frequently report being stopped and detained for reasons that are superficially pretextual. Even affluent people of color, who drive expensive or late-model cars, often report being stopped by law enforcement officers because of their race. This practice has become so prevalent that the actual justification for such detentions has become widely known as 'Driving While Black.'" *State v. Valentine*, 132 Wn.2d 1, 28, 935 P.2d 1294 (1997) (Sanders, J., dissenting).

PLAINTIFF'S FRCP 59(e) MOTION TO ALTER OR AMEND JUDGMENT DISMISSING THE CASE (NO. 2:18-cv-01510-RSM) - 5

SHERIDAN LAW FIRM, P.S.
Hoge Building, Suite 1200
705 Second Avenue
Seattle, WA  98104
Tel: 206-381-5949  Fax: 206-447-9206

actions. Police Officer Winkley testified that he "went to the captain, hoping to get a bit of a voice of reason." Officer Winkley went to say, "I said, What would you like to see done here?  And he said he would go talk to her [Ms. Pancerman].  So after they talked, it was continued forward and they said they just wanted him off the plane." Dkt. #68-1 at 109: 11-16.  In the light most favorable to Mr. Karrani, Captain Quillette made the decision to remove Mr. Karrani after talking with Officer Winkley and then with Ms. Pancerman. At the time, he knew that Mr. Karrani was a black man.[7] Captain Ouillette failed to follow the procedures set out in FAM §7 and we cannot know what breaches of the pilot manual occurred. Also, in his IRR Captain Ouillette notes that the passenger had a middle eastern name. Dkt. # 68-1, at 36. Since the case has nothing to do with terrorism, a reasonable juror could conclude that his mendacity and his failure to follow company policies, combined with his focus on the ethnicity of Mr. Karrani is evidence of racial bias and animus. Even without the pilot manual and pilot training material. However, even if this court found that the captain was removed from the discriminatory process, JetBlue would still be liable under the holding in *Staub v. Proctor Hosp.*  In *Staub*, the court held an employer liable for military discrimination under an agency theory. *Staub v. Proctor Hosp.*, 562 U.S. 411, 422, 131 S. Ct. 1186, 1194, 179 L. Ed. 2d 144 (2011). Here, Ms. Pancerman's intent was to remove Mr. Karrani and she made false complaints that were acted on by Captain Ouillette and were the proximate cause of his removal.  Thus, JetBlue would still be liable under §1981. PFF¶¶75-76.

---

[7] Dkt. #68-1 at 42:11-43:13 (Ouillette Dep. identified Karrani as black man while Karrani seated on plane).

PLAINTIFF'S FRCP 59(e) MOTION TO ALTER OR AMEND JUDGMENT DISMISSING THE CASE (NO. 2:18-cv-01510-RSM) - 6

SHERIDAN LAW FIRM, P.S.
Hoge Building, Suite 1200
705 Second Avenue
Seattle, WA  98104
Tel: 206-381-5949  Fax: 206-447-9206

Dated this 28th day of August, 2019.

        THE SHERIDAN LAW FIRM, P.S.

s/ John P. Sheridan  
John P. Sheridan, WSBA # 21473  
Mark W. Rose, WSBA # 41916  
Hoge Building, Suite 1200  
705 Second Avenue  
Seattle, WA 98104  
Phone: 206-381-5949  
Fax: 206-447-9206  
Email: jack@sheridanlawfirm.com

*Attorneys for Plaintiff*

PLAINTIFF'S FRCP 59(e) MOTION TO ALTER OR AMEND JUDGMENT DISMISSING THE CASE (NO. 2:18-cv-01510-RSM) - 7

SHERIDAN LAW FIRM, P.S.  
Hoge Building, Suite 1200  
705 Second Avenue  
Seattle, WA 98104  
Tel: 206-381-5949  Fax: 206-447-9206

# CERTIFICATE OF SERVICE

I, Mark W. Rose, hereby certify that on August 28, 2019, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Caryn Jorgensen
John Fetters
Samantha Pitsch
MILLS MEYERS SWARTLING P.S.
1000 Second Avenue, 30th floor
Seattle, Washington 98104

Attorneys for Defendant

Dated this 28th day of August, 2019.

s/ Mark W. Rose
Mark W. Rose, WSBA # 41916

PLAINTIFF'S FRCP 59(e) MOTION TO ALTER OR AMEND JUDGMENT DISMISSING THE CASE (NO. 2:18-cv-01510-RSM) - 8

SHERIDAN LAW FIRM, P.S.
Hoge Building, Suite 1200
705 Second Avenue
Seattle, WA 98104
Tel: 206-381-5949  Fax: 206-447-9206